UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD KEVIN STEIGER,

        Plaintiff,                      Case No. 15-cv-12627

v.                                       Honorable Thomas L. Ludington

ROBERT HAHN, et al,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Richard Kevin Steiger brought suit against the Defendants on July 27, 2015. Compl., ECF No. 1. The suit alleges five counts: unreasonable seizure without probable cause, malicious prosecution, first amendment retaliation, gross negligence, and violation of Fourteenth Amendment due process rights. *Id.* at 16–23. Steiger contends that the Defendants, a variety of law enforcement officers who investigated whether Steiger fraudulently obtained prescription drugs, maliciously investigated and prosecuted him because he had criticized Defendants' conduct and procedures. *Id.* At the close of discovery, Defendants filed a motion for summary judgment. ECF No. 43. That motion was granted on September 30, 2016. ECF No. 55. In that order, the Court dismissed Steiger's federal claims with prejudice and dismissed his state law claim without prejudice. On October 14, 2016, Steiger filed a motion for reconsideration of the Court's dismissal of his federal claims. For the reasons stated below, the motion will be denied.

**I.**

To begin with, Steiger describes a number of facts which he believes this Court did not properly consider. He reiterates the arguments made in his opposition to Defendants' motion for summary judgment that his prosecution was initiated by Defendants because Steiger criticized

them for unlawful actions. That allegation was mentioned in the Court's opinion. *See* Op. and Order at 11, ECF No. 55. Steiger also makes much of the fact that Defendants had previously asked whether Steiger had used drugs in college or during his marriage. Steiger argues that this demonstrates that Defendants were looking for "dirt" on him. Steiger also alleges that he was prosecuted because he publically criticized Defendant Caldwell for improperly closing an investigation which involved Caldwell's son. That allegation by Steiger was also addressed in the Court's original order. *See id.* at 11. Steiger further points out that he was charged with fraudulently obtaining prescription drugs, not with prescription drug abuse. Again, that distinction was mentioned in the Court's order. *See id.* at 10. Steiger mentions numerous other "exculpatory" facts, all of which were either explicitly addressed or summarized in the Court's original order. Steiger, and his counsel, clearly believe that he did not commit the crime which he was investigated and unsuccessfully prosecuted for. They further believe that the investigation should not have been commenced in the first place. But, as discussed below, Steiger's arguments are premised on a fundamental misunderstanding of the cause of action he is pursuing. The question is whether a reasonable officer could have determined that there was probable cause to investigate and charge Steiger. The Court's original order discussed all material facts related to that issue, and Steiger has not specifically identified any material facts which were not included in the Court's original summary of facts. For that reason, the summary of facts in the Court's September 30, opinion and order will be adopted as if fully restated herein.

## II.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days of issuance. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the

defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

### III.

### A.

Steiger's motion simply reiterates the arguments made while opposing Defendants' motion for summary judgment. Steiger does not provide any new or previously unconsidered facts. Rather, Steiger argues that the Court made material factual and credibility determinations which should have been left for the jury.

To begin with, Steiger's argument for reconsideration misconstrues the issue that was before the Court at summary judgment and which is now before the Court again. The issue is not whether Steiger was actually guilty of the crime with which he was charged. The issue is not even whether there was or was not probable cause to try the criminal case. Rather, the issue is whether a reasonable officer *could have* concluded, based on the evidence known at the time the charging decision was made and without the benefit of hindsight, that probable cause existed. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986) ("Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue,

immunity should be recognized."). When the evidence is considered as a whole and in the light most favorable to Steiger, there is no issue of fact as to whether a reasonable officer could have concluded that probable cause existed. Accordingly, the Defendants are entitled to qualified immunity and, thus, summary judgment.

In his brief, Steiger argues that there are several issues of fact and credibility which should have been decided by a jury. He reiterates that Dr. Coombs and Dr. Kiel informed the investigators that each knew Steiger was receiving medication from the other doctor. That argument was directly addressed in the Court's prior order. *See* Op. and Order at 16–17. Next, Steiger argues that the ultimate decision to bring the case was made by Defendant Mills, not the Attorney General's office. As discussed in the Court's original order, Defendant Mills did request an arrest warrant for Steiger from the Attorney General's office. *See* Op. and Order at 9. But that email clearly anticipates that the Attorney General's office would conduct its own review of the record independent from Defendant Mills. *See* Email, ECF No. 43, Ex. 21 ("Please consider this a warrant request on Richard Steiger. . . . You have all the reports related to this investigation. . . . Thank you for your consideration."). Steiger has not provided any indication that the Attorney General's office did not conduct its own thorough, independent review of the available evidence. And even if they had not, the evidence summarized in the Court's original order makes clear that sufficient grounds for probable cause existed to create qualified immunity for Defendants.

Steiger next argues that the Court should have allowed the jury to consider whether Steiger's medical records established that he did not engage in fraudulent activity. Again, this argument does not address the issue presented to the Court. The question is not whether Steiger actually defrauded his doctors. The question is whether a reasonable officer could have

concluded that probable cause to charge Steiger with that crime existed. And, as the Court previously noted, "even construing the medical records in a light most favorable to Steiger, they did not completely foreclose the possibility of fraudulent behavior." Op. and Order at 16–17. Because there was other evidence of wrongdoing and because the doctors themselves testified that if they had completely understood the situation they would have stopped prescribing drugs, a reasonable officer could have found probable cause to charge.

Steiger also faults the Court for citing Judge Mack's decision at the preliminary examination as additional proof that a reasonable officer could have determined that probable cause existed. Steiger points out that Judge Mack ultimately determined that there was not sufficient probable cause to bind over the case to trial. But the question of whether there actually was probable cause to charge Steiger is distinct from the question of whether a reasonable officer could have concluded that probable cause existed. As the Court noted, Judge Mack indicated that there was a "constructive fraud" theory which the government might have been relying on. Although Judge Mack ultimately rejected that theory, the existence of probable cause must be assessed from the perspective of the "'reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Klein v. Long*, 275 F.3d 544, 550 (6th Cir.2001)). A reasonable officer could have relied upon the "constructive fraud" theory in believing that probable cause to bring the case existed. The fact that Judge Mack rejected that theory after the fact is irrelevant to the determination of whether Defendants are entitled to qualified immunity. Officers cannot be expected to predict how a court will answer an ambiguous legal issue. *See Wilson v. Layne*, 526 U.S. 603, 617 (1999).

Steiger also argues that the Court made improper inferences regarding Mr. Mills' report. He argues: "[F]or this Court to infer from Dr. Mills' report that Plaintiff was engaged in fraudulent activity in order to make a finding that probable cause existed is a palpable defect." Mot. Reconsideration at 12. This arguments reflects the same misunderstanding already discussed. Dr. Mills' report, which explained that Steiger's actions were "completely consistent with drug abuse, misuse, or diversion," Mills. Rep. at 3, ECF No. 50, Ex. S, provides, as the Court previously explained, "at least some evidence that Steiger had been involved in fraudulent behavior." Op. and Order at 15. The Court did not conclude, as Steiger asserts, that Steiger was actually guilty of engaging in fraudulent activity. Rather, the Court concluded that Dr. Mills' report provided, in part, a basis on which a reasonable officer could have concluded that there was probable cause to charge Steiger.

In short, Steiger has not provided any new evidence which was not considered by the Court in the original opinion and order. He reiterates many arguments which the Court previously considered, but those arguments reflect a misunderstanding of the question presented by Defendants' motion for summary judgment. Steiger is attempting to relitigate the issue of whether probable cause existed to bring charges against him. But even if it did not, that conclusion does not resolve the issue of whether a reasonable officer could have concluded that probable cause existed. Because, even construing all facts in a light most favorable to Steiger, the only reasonable conclusion is that a reasonable officer could have determined that probable cause was present, Defendants are entitled to qualified immunity. Steiger has not demonstrated a palpable defect in the Court's previous decision.

**B.**

Steiger also argues that the Court erred in dismissing his First Amendment retaliation claim. However, as the Court explained in the original order, "lack of probable cause must be 'pleaded and proven' in order for a plaintiff to prevail on a First Amendment retaliatory prosecution claim under § 1983. Op. and Order at 20 (citing *Hartman*, 547 U.S. at 260). As just explained, the Defendants are entitled to qualified immunity because a reasonable officer could have concluded that there was probable cause to bring charges. Because Steiger cannot prove that required element of his First Amendment claim, Steiger's other arguments that Defendants acted with retaliatory animus in investigating him are irrelevant.

In general, Steiger has merely reiterated arguments already considered and rejected by the Court. For that reason, Steiger does not identify any palpable errors in the Court's September 30, 2016, opinion and order. Because Steiger has not satisfied the requirements for relief under Local Rule 7.1(h), his motion for reconsideration will be denied.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Steiger's motion for reconsideration, ECF No. 57, is **DENIED.**

Dated: November 23, 2016                s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 23, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager